IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                                  No. CIV S-09-3431 GGH P

    vs.

M.S. DOWNING, et al.,

    Defendants.                          <u>ORDER</u>

_____/

        Plaintiff has brought a motion for at temporary restraining order (TRO) or preliminary injunctive relief, alleging that the defendants deny him food as well as harass him by confiscating legal papers related to his active cases. Motion, p. 1.

        <u>TRO/Motion for Preliminary Injunction</u>

        *TRO*

        The purpose in issuing a temporary restraining order is to preserve the <u>status quo</u> pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not <u>ex parte</u> and without notice are governed by the same general

\\\\\

\\\\\

1

standards that govern the issuance of a preliminary injunction.[1] See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

*Preliminary Injunction Standard*

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127, citing extensively Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In his underlying complaint, plaintiff alleges various constitutional deprivations, including violations by defendants of his rights under the Eighth Amendment by depriving him of adequate food, clothing, shelter and medical care; violations of his rights under the First Amendment by retaliating against him for filing 602 appeals and being a jailhouse lawyer, by

---

[1] To the extent that this purports to be an ex parte motion for a TRO without notice, the undersigned notes that there are stringent requirements to be imposed under Fed. R. Civ. P. 65 for issuance of such an order, which plaintiff clearly has not met.  Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Rule 65(b) permits issuance of a TRO without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury...will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

2

withholding his legal mail and confidential correspondence for days and by substantially burdening his right to the free exercise of his religion; violations of constitutional rights by engaging in a conspiracy to violate his rights.  Complaint, pp. 5-10.  The gravamen of this wide-ranging complaint appears to center on two periods of time, from October 14, 2009, until October 24, 2009, and from October 26, 2009, through November 5th or 6th, 2009, during which plaintiff was on "management cell strip status."  Id., at 14.  This status entails staff stripping an inmate of clothing, bedding, personal possessions, toilet paper, soap, toothbrush and toothpowder, sanitation supplies, and legal and writing materials for extended periods, compelling an inmate to earn back the items by demonstrating good behavior, as determined by staff.  Id.  Plaintiff, inter alia, also alleges that he has been denied adequate daily food and sustenance.[2]  Id., at 46, 49.

      In his preliminary injunctive relief motion, plaintiff's states, under penalty of perjury, that defendant Downing has, on unspecified dates in January, 2010, denied plaintiff breakfast and lunch, as well as confiscated his legal papers in active court cases, out of personal animosity against plaintiff, and that defendant Smith, Downing's supervisor, allows defendant Downing to deny plaintiff food.  Motion, p. 4.  Plaintiff goes on to aver that he is housed in administrative segregation, has no food in his cell, does not go to canteen, and (wholly) depends on defendants to provide his meals.  Id., at 5.  Plaintiff also states that he has lost 34 pounds while in ad seg.  Id., at 6.[3]  Plaintiff asserts that he has submitted unanswered appeals in this matter and he believes that he is being mistreated, i.e. is suffering retaliation, because he has a number of civil actions pending against High Desert State Prison officials.  Id., at 6-7.

\\\\\

---

[2]  Although his specific claims of being deprived of food are directed at a different defendant or defendants in his motion from those in his underlying complaint, he makes significant allegations against defendant Downing for his alleged mistreatment within the complaint.

[3] One can wonder, however, that if plaintiff has been deprived of all necessities, how he can still manage to obtain a scale with which to weigh himself.

The court has found most of the allegations of the underlying complaint at least cognizable. Plaintiff's declaration under penalty of perjury that he is being denied adequate food raises sufficient concern that plaintiff could suffer irreparable harm if he continues to be deprived of enough food in the immediate future. If he is being deprived of food by defendants Downing and Smith, it is difficult to discern how the balance of equities could tip in their favor or how denying preliminary injunctive relief would not be in the public interest. The Attorney General's Office and defendants will be directed to ascertain whether plaintiff has been in January of 2010, or is being, denied meals. A response to the motion for preliminary injunction must be filed within seven (7) days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court must serve this order, as well as plaintiff's motion for preliminary injunctive relief, filed on January 22, 2010 (docket # 10), upon the Supervising Deputy Attorney General Jennifer O'Neill electronically and must serve separately by mail defendants Downing and Smith at High Desert State Prison (HDSP), as well as defendant HDSP Warden Mike McDonald;

2. Defendants have seven (7) days to respond to plaintiff's January 22, 2010 (docket # 10), motion for preliminary injunctive relief; and

3. The Attorney General's Office and defendants must immediately ascertain whether or not plaintiff has been, or is being, denied meals at High Desert State Prison and to take the steps necessary to assure that he is getting his meals.

DATED: February 3, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
holl3431.mtn