IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

        Plaintiff,                    No. CIV S-09-3431 GGH P

   vs.

M.S. DOWNING, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

        In screening this civil rights action, pursuant to 28 U.S.C. § 1915A(a), the court has found most of plaintiff's claims against most of the defendants colorable and has issued a concurrent order to that effect. However, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

1

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Among his allegations, plaintiff alleges that defendants Rainey, Keating, Foulk and Boll[s] violated his First Amendment rights when his legal mail was delayed specifically causing him not to be able to amend his complaint prior to the dismissal in Hollis v. McGuire, Case No. CIV-S-09-1065 [FCD] KJM P. Complaint, p. 38. However, the court has taken judicial notice of that case,[1] and the docket shows that not only has that case not been dismissed, but plaintiff as of January 28, 2010, has been granted a thirty-day extension of time to file an

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

amended complaint.  Plaintiff also contends that defendants Rainey, Keating, Foulk, and Bolls deliberately delayed delivery of his legal mail, impeding his ability to prepare for a deposition in November of 2009, in another of his cases, Hollis v. Mason, et al., Case No. CIV- S- 08-1094 [MCE] KJM P.  Reference to the docket in that case reveals that a motion to dismiss therein has been denied and that matter too is proceeding with two of plaintiff's motions pending and a scheduling order issued.  Moreover, that court has addressed plaintiff's concerns therein about his access to his legal materials.  See Order, in Case No. CIV- S- 08-1094, filed on 12/09/09 (docket # 47).

The United States Supreme Court has held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." " Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180 (1996).  Accordingly, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts.  Plaintiff has failed to do so in these instances and these claims against these defendants will be dismissed without leave to amend.  "Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'"  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).   The court can discern no manner in which these specific claims can be amended.

Accordingly, IT IS RECOMMENDED that the plaintiff's claims against defendants Rainey, Keating, Foulk, and Bolls alleging that his First Amendment rights were violated with regard to his proceeding in Case No. CIV-S-09-1065 FCD KJM P and Case No. CIV-S-08-1094 MCE KJM P be dismissed without leave to amend and that defendants Foulk and Bolls be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 3, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
holl3431.fr