IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                     No. 2:09-cv-3431 FCD KJN P

    vs.

M.S. DOWNING, et al.,               ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's January 22, 2010 motion for a temporary restraining order or preliminary injunctive relief in which he alleges defendants deny him food as well as harass him by confiscating legal papers related to his active cases. On February 3, 2010, the Office of the Attorney General (Attorney General) was served with plaintiff's motion for preliminary injunctive relief and ordered to respond. The Attorney General responded on February 12, 2010.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122

F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of Intern. Ass'n of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

Plaintiff filed the instant motion on January 22, 2010, alleging ongoing incidents at High Desert State Prison (HDSP). However, also on January 22, 2010, plaintiff filed a notice indicating that on January 20, 2010, he had been transferred to a different prison, California Correctional Institution. Because plaintiff is no longer subject to actions by the named defendants, his motion for injunctive relief is moot. These claims do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at

California Correctional Instituion who are not named in the underlying litigation.[1] <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969). For this reason, plaintiff's motion for preliminary injunction should be denied.

On January 22, 2010, plaintiff also filed a motion for expedited screening of the instant action. Review of court records reveals that this action was screened by order filed February 3, 2010. Thus, plaintiff's motion is moot and will be denied.

IT IS HEREBY ORDERED that plaintiff's January 22, 2010 motion for expedited screening (Dkt. No. 8) is denied; and

IT IS HEREBY RECOMMENDED that plaintiff's January 22, 2010 motion for injunctive relief (Dkt No. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////
////
////
////
////
////

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. <u>United States v. New York Telephone Co.</u>, 434 U.S. 159, 174 (1977).

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2010

                                                 /s/ Kendall J. Newman
                                             KENDALL J. NEWMAN
                                             UNITED STATES MAGISTRATE JUDGE

holl3431.pi