IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

        Plaintiff,                No. 2:09-cv-3431 FCD KJN P

      vs.

M.S. DOWNING, et al.,            <u>ORDER AND ORDER DIRECTING SERVICE</u>

                                <u>BY THE UNITED STATES MARSHAL</u>

        Defendants.

_____/   <u>WITHOUT PREPAYMENT OF COSTS</u>

Plaintiff is proceeding without counsel and *in forma pauperis* pursuant to 28 U.S.C. § 1915. By order filed February 3, 2010, the court determined that plaintiff's complaint states a cognizable claim for relief against defendants Williams, Smith, McClellan, Perez, Keating, Fannon, Howe, Wright, McDonald, Mahoney, Daniels, Friezan, James, Flores, Burnes, Cate, Downing, Brewer, Rainey, Scott, Hanks, Cook, Friend and Crandall and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff has filed the required papers. Accordingly, IT IS HEREBY ORDERED that:

        1. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, copies of the complaint, *a consent/reassignment form*

////

*contemplated by Appendix A(k) to the Local Rules of this court for each defendant* and copies of this order to the United States Marshal.

2. Within ten days from the date of this order, the United States Marshal is directed to notify defendants Williams, Smith, McClellan, Perez, Keating, Fannon, Howe, Wright, McDonald, Mahoney, Daniels, Friezan, James, Flores, Burnes, Cate, Downing, Brewer, Rainey, Scott, Hanks, Cook, Friend and Crandall of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3. The United States Marshal is directed to retain the sealed summons and a copy of the complaint in its file for future use.

4. The United States Marshal shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

5. If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by CDCR pursuant to this order.

b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on that defendant. Such costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal's office for photocopying

1           additional copies of the summons and complaint and for preparing new

2           USM-285 forms, if required.  Costs of service will be taxed against the

3           personally served defendant in accordance with the provisions of Fed. R.

4           Civ. P. 4(d)(2).

5         6.  Defendants shall reply to the complaint within the time provided by the

6 applicable provisions of Fed. R. Civ. P. 12(a).

7         7.  Unless otherwise ordered, all motions to dismiss, motions for summary

8 judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

9 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110, shall be

10 briefed pursuant to Local Rule 230(*l*).  Failure to timely oppose such a motion may be deemed a

11 waiver of opposition to the motion.  Opposition to all other motions need be filed only as

12 directed by the court.

13         8.  If plaintiff is released from prison at any time during the pendency of this case,

14 any party may request application of other provisions of Local Rule 230 in lieu of Local Rule

15 230(*l*).  In the absence of a court order granting such a request, the provisions of Local Rule

16 230(*l*) will govern all motions described in #7 above regardless of plaintiff's custodial status.

17 See Local Rule 102(d).

18         9.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

19 plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

20 exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b) of

21 the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

22 claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

23 perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

24 plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

25 Plaintiff may rely upon statements made under penalty of perjury in the complaint if the

26 complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve

and file one or more affidavits or declarations by other persons who have personal knowledge of

relevant matters. Plaintiff may also rely upon written records, but plaintiff must prove that the

records are what plaintiff claims they are. If plaintiff fails to contradict defendant's evidence

with admissible evidence, the court may rely on the defendant's evidence. In the event both sides

submit matters outside of the pleadings, the court may look beyond the pleadings and decide

disputed issues of fact. If plaintiff does not serve and file a written opposition to the motion, the

court may consider the failure to act as a waiver of opposition to the defendant's motion. If the

defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

unexhausted claims will be dismissed without prejudice.

10. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),

plaintiff is advised of the following requirements for opposing a motion for summary judgment

made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion

is a request for an order for judgment in favor of the defendant without trial. A defendant's

motion for summary judgment will set forth the facts that the defendant contends are not

reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for

summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one

or more of the following ways. Plaintiff may rely upon statements made under penalty of perjury

in the complaint if the complaint shows that plaintiff has personal knowledge of the matters

stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff

relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts

that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration

must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but

plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all

or any part of the transcript of one or more depositions, answers to interrogatories, or admissions

4

obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with

counteraffidavits or other admissible evidence, the defendant's evidence may be taken as the

truth and the defendant's motion for summary judgment granted.  If there is some good reason

why such facts are not available to plaintiff when required to oppose a motion for summary

judgment, the court will consider a request to postpone consideration of the defendant's motion.

If plaintiff does not serve and file a written opposition to the motion or a request to postpone

consideration of the motion, the court may consider the failure to act as a waiver of opposition to

the defendant's motion.  If the defendant's motion for summary judgment, whether opposed or

unopposed, is granted, judgment will be entered for such defendant without a trial and the case

will be closed as to that defendant.

11.  A motion or opposition supported by unsigned affidavits or declarations will

be stricken.

12.  Each party shall keep the court informed of a current address at all times

while the action is pending.  Any change of address must be reported promptly to the court in a

separate document captioned for this case and entitled "Notice of Change of Address."  A notice

of change of address must be properly served on other parties.  Pursuant to Local Rule 182(f),

service of documents at the record address of a party is fully effective.  Failure to inform the

court of a change of address may result in the imposition of sanctions including dismissal of the

action.

13.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of

Court.

////

////

////

////

////

1  14. The failure of any party to comply with this order, the Federal Rules of Civil

2  Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

3  not limited to, dismissal of the action or entry of default. Fed. R. Civ. P. 11; Local Rule 110.

4  DATED: March 11, 2010

5

6  _____
   KENDALL J. NEWMAN

7  UNITED STATES MAGISTRATE JUDGE

8  holl3431.8kjn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26