IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

        Plaintiff,                              No. 2:09-cv-3431 FCD KJN P

     vs.

M.S. DOWNING, et al.,

        Defendants.                    FINDINGS AND RECOMMENDATION

_____/

I. Introduction

        Plaintiff is a prisoner proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Presently pending before the court is defendants' motion seeking a determination that plaintiff is barred under 28 U.S.C. § 1915(g) from pursuing this action without payment of the filing fee, thereby revoking plaintiff's in forma pauperis status.

        Defendants contend plaintiff has filed over sixty cases and appeals, and argue plaintiff has sustained three dismissals that qualify as strikes under 28 U.S.C. § 1915(g). Defendants have provided a chart of the cases plaintiff has filed, which sets forth fifteen cases filed in the United States District Courts, thirteen cases filed in the Court of Appeals for the

1

Ninth Circuit, and a two page list of cases filed in state court. (Dkt. No. 35-1 at 3-7.)[1] Plaintiff argues he has not sustained three strikes as defined in 28 U.S.C. § 1915(g).

For the reasons set forth below, the court recommends that defendants' motion be granted, that plaintiff's in forma pauperis status be revoked, and that plaintiff be permitted to proceed in the instant case only if he pays the $350.00 filing fee.

II. Legal Standards

Plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), which precludes a plaintiff from proceeding in forma pauperis absent a showing he is in imminent danger of serious physical injury. The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") requires a court to deny in forma pauperis status ("IFP") to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2] Thus, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]" Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The purpose of this rule is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); accord Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect their rights. Inmates are still able to file claims -- they are only required to pay for filing those claims.").

////

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] Section 1915(g) was enacted as part of the 1996 Amendments to the PLRA, Pub. L. No. 104-134, 110 Stat. 1321, § 804(d).

"[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the [court must examine] . . . court records or other documentation that will allow [it] to determine that a prior case was dismissed because it was 'frivolous, malicious or fail[ed] to state a claim.' § 1915(g)." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). In making this determination, the court is guided by the following:

> The PLRA does not define the terms "frivolous," or "malicious," nor does it define dismissals for failure to "state a claim upon which relief could be granted." We have held that the phrase "fails to state a claim on which relief may be granted," as used elsewhere in § 1915, "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (interpreting § 1915(e)(2)(B)(ii) and employing the same de novo standard of review applied to Rule 12(b)(6) motions). Yet there is no Ninth Circuit case law on the 1996 Amendments to the PLRA that explains precisely what the terms "frivolous" or "malicious" mean. In defining these terms, we look to their "ordinary, contemporary, common meaning." Wilderness Soc'y v. United States Fish & Wildlife Serv., 353 F.3d 1051, 1060 (9th Cir. 2003) (en banc) (internal quotation marks and citations omitted). Thus, a case is frivolous if it is "of little weight or importance: having no basis in law or fact." Webster's Third New International Dictionary 913 (1993); see also Goland v. United States, 903 F.2d 1247, 1258 (9th Cir. 1990) (adopting a definition of "frivolous"). A case is malicious if it was filed with the "intention or desire to harm another." Webster's Third New International Dictionary 1367 (1993).

Andrews v. King, 398 F.3d at 1121; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

However, in forma pauperis status must be granted to a "three strikes plaintiff" who demonstrates that he or she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Application of this exception requires that the complaint, liberally construed,

plausibly allege that, at the time of filing the complaint, "prison officials continue with a practice that has injured [plaintiff ] or others similarly situated in the past." Andrews v. Cervantes, 493 F.3d at 1055, 1056-57 (citations omitted).

III. Analysis

      A. Alleged Three Strikes

Initially, the court notes that plaintiff's cases filed in state court were not brought "in a court of the United States" as the plain language of the statute requires. 28 U.S.C. § 1915(g); see also 28 U.S.C. § 451 (defining "court of the United States"). Therefore, state court filings do not qualify as strikes under 28 U.S.C. § 1915(g).

Similarly, those cases resolved by summary judgment do not qualify as strikes because summary judgment dismissals are not equivalent to dismissal on the grounds that an action is "frivolous, malicious, or fails to state a claim upon which relief may be granted." See Barela v. Variz, 36 F.Supp.2d 1254, 1259 (S.D. Cal. 1999) (declining to find that actions resolved by way of summary judgment qualified as strikes); Hardney v. Lamarque, 2007 WL 2225996 *2 (E.D. Cal.) (same), Report and Recommendation adopted, 2007 WL 2902913 (2007).

Likewise, cases in which plaintiff requested a voluntary dismissal do not constitute a dismissal on the grounds that an action or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted," pursuant to the definitions given in Andrews v. King. 398 F.3d at 1121, and therefore also do not qualify as § 1915(g) strikes.

Defendants also argue that "the summary denial of two mandamus petitions" (dkt. no. 58 at 2) are strikes. Defendants rely on In re Jacobs, 213 F.3d 289, 290-91 (5th Cir. 2000), for the proposition that "[d]ismissal of an inmate's petition for writ of mandamus for being frivolous also counts as a 'strike.'" (Dkt. No. 35-1 at 9.) However, none of the docket entries for plaintiff's petitions for writ of mandamus filed in the Court of Appeals for the Ninth Circuit reflect that the petitions were denied as "frivolous." (Defts.' Exs. 25, 26, 29 & 34.) Defendants

have not provided copies of orders demonstrating that the denials based upon a determination that the action was frivolous. (Id.) Therefore, even if this court were to agree with the Fifth Circuit, this court cannot find plaintiff's petitions for writ of mandamus filed in the Ninth Circuit are strikes under 28 § 1915(g).

Two other cases relied on by defendants present a closer question. First, in Hollis v. Evans, 08-15037 (9th Cir.), plaintiff's appeal was dismissed on December 18, 2008. Id., Dkt. No. 11. Although the appeal and the underlying action were filed as habeas petitions, on December 3, 2007, the district court found the habeas petition was based on civil rights claims and dismissed the underlying action in 07-5389 (N.D. Cal.). Id., Dkt. No. 4. Moreover, on April 14, 2009, in 07-5389, the district court denied Hollis' request to proceed in forma pauperis on appeal, finding that the appeal filed in 08-15037 "is frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3)." (Dkt. No. 35-5 at 24.)

Plaintiff argues that petitions for habeas corpus do not count as strikes under § 1915(g). (Dkt. No. 50 at 4.) The Ninth Circuit has held that "dismissed habeas petitions do not count as strikes under § 1915(g)." Andrews v. King, 398 F.3d at 1122. However, the court also noted the following:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

Andrews, 398 F.3d at 1123 n.12.

Plaintiff was informed by the district court that his claims did not sound in habeas but were civil rights claims. The district court specifically informed plaintiff concerning the difference in filing fees, and dismissed the petition, without prejudice, so that plaintiff could file a civil rights action if he wished. However, rather than opting to file a civil rights action, plaintiff chose to file an appeal. The district court expressly found plaintiff's appeal to be

5

frivolous, which is a strike under the plain language of 28 U.S.C. § 1915(g).  Therefore, this court finds that plaintiff's appeal filed in Hollis v. Evans, 08-15037 (9th Cir.), is a strike.

Second, in Hollis v. Villanueus, 09-15523 (9th Cir.), plaintiff's appeal was dismissed for failure to prosecute on August 26, 2009.  (Dkt. No. 9.)  Plaintiff failed to pay the filing fee.  Moreover, in its July 30, 2009 order, the Ninth Circuit informed plaintiff that if he paid the filing fee, he must "simultaneously show cause why the judgment challenged in this appeal should not be summarily affirmed.  See 9th Cir. R. 3-6."  (Dkt. No. 7.)  The civil rights complaint filed in the underlying action was dismissed for failure to state a claim.  Hollis v. Villanueus, 07-4538 (N.D. Cal.).  In addition, by order filed April 7, 2009, the district court found plaintiff's appeal was "frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3)."  Hollis v. Villanueus, 07-4538 (N.D. Cal.), Dkt. No. 18.

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g) as such dismissal is not equivalent to a dismissal on the grounds that an action is "frivolous, malicious, or fails to state a claim upon which relief may be granted." See Butler v. Department of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007) (dismissal for failure to prosecute made without regard to merits of claim does not constitute strike); but see Ruff v. Ramirez, 2007 WL 4208286 *5 (S.D. Cal. 2007) (dismissal for failure to prosecute by itself is not within ambit of Section 1915(g); however, such dismissal qualifies as a strike when it is based upon plaintiff's failure to file amended complaint after court dismissed original complaint as frivolous and afforded plaintiff leave to amend).

In this case, however, the district court expressly found plaintiff's appeal was frivolous, which is a strike under the plain language of 28 U.S.C. § 1915(g).  Therefore, this court finds that plaintiff's appeal filed in Hollis v. Villanueus, 09-15523 (9th Cir.), is a strike under § 1915(g).

Finally, two cases cited by defendants expressly state in the order clause that the case was being dismissed for failure to state a claim:  Hollis v. Mazon-Alec., et al., 1:03-cv-6842

6

REC DLB P (E.D. Cal.), January 27, 2005 (order adopting December 1, 2004 findings and recommendation re dismissal of action for failure to state a claim); and Hollis v. Villanueus, 3:07-cv-04538 (N.D. Cal.) (On February 2, 2009, plaintiff's complaint was dismissed for failure to state a claim. (Dkt. No. 22.)).  Because these orders expressly state plaintiff failed to state a claim, each of these dismissals constitute a strike under 28 U.S.C. § 1915.

For the foregoing reasons, this court finds that plaintiff has sustained four strikes under 28 U.S.C. § 1915(g) in the following cases:

    Hollis v. Evans, 08-15037 (9th Cir.)

    Hollis v. Villanueus, 09-15523 (9th Cir.)

    Hollis v. Mazon-Alec., et al., 1:03-cv-6842 (E.D. Cal.)

    Hollis v. Villanueus, 3:07-cv-04538 (N.D. Cal.)

Based on the above, the "three strikes rule" applies to plaintiff's filing of the present action.  Thus, absent a showing that plaintiff was under imminent danger of serious physical injury at the time he filed the complaint, he is precluded from proceeding in forma pauperis.  28 U.S.C. §1915(g).

    B.  Imminent Danger of Serious Physical Injury

As noted above, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d at 1053 ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999).

In the instant action, plaintiff raises no claim that he was under imminent danger at the time of the filing of the complaint.  Rather, plaintiff raised alleged claims of retaliation, deprivation of certain religious items and food items, and claimed defendants allowed his food to

be prepared by inmates who contaminate it.  Plaintiff's allegations took place in 2009 at High Desert State Prison.  These allegations do not demonstrate that plaintiff suffered from an imminent danger of serious injury at the time he filed the amended complaint on December 7, 2009.  Moreover, plaintiff is now housed at California State Prison, Corcoran, California.  Therefore, plaintiff is subject to the 28 U.S.C. § 1915 "three strikes" bar.

IV.  Alternative Grounds

In light of the foregoing, the court need not address defendants' alternative grounds on which defendants seek dismissal.  (Dkt. No. 35-1.)

V.  Conclusion

Accordingly, pursuant to the "three strikes" rule of the PLRA, 28 U.S.C. § 1915(g), plaintiff should be barred, while incarcerated, from filing further civil rights complaints in federal court without prepayment of the full filing fee.  This court recommends that defendants' motion to dismiss be partially granted; that plaintiff's in forma pauperis status be revoked; and that plaintiff be granted twenty-one days to pay the filing fee in full if he wishes to pursue the instant action.  Plaintiff is cautioned that failure to pay the filing fee in full will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that:

1. Defendants' May 28, 2010 motion to dismiss (dkt. no. 35-1) be partially granted.

2. Pursuant to the "three strikes" rule under 28 U.S.C. § 1915(g), plaintiff be barred, while incarcerated, from filing further civil rights complaints in federal court without prepayment of the full filing fee.

3. Plaintiff's in forma pauperis status be revoked.

4. Plaintiff be granted twenty-one days from the date of any order by the district court adopting this order to pay the filing fee ($350.00).

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl3431.3str