IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                     No. 2:09-cv-3431 MCE KJN P

   vs.

M.S. DOWNING, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

       On March 31, 2011, this action was dismissed without prejudice. On March 6, 2013, plaintiff filed a document styled, "Request to Reopen Case Sua Sponte." (Dkt. No. 72.) The court construes plaintiff's motion as a motion to vacate the judgment under Rule 60 of the Federal Rules of Civil Procedure.

       Rule 60(a) and (b) provide as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a

1

party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) governs the timing of such a motion:

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(c).

Pursuant to Rule 60(c), plaintiff's motion is untimely. Here, judgment was entered on March 31, 2011, and plaintiff's motion was filed almost two years later, on March 6, 2013. Because motions under Rule 60 must be filed "no more than a year after the entry of the judgment," plaintiff's motion should be denied as untimely.

However, even assuming, *arguendo*, plaintiff's motion was timely, the motion is without merit. Plaintiff contends that Case No. 07-5389 THE was not a strike under the "three strikes rule" set forth in 28 U.S.C. § 1915(g), citing an order issued by the Northern District. <u>Hollis v. Herrick, et al.</u>, Case No. C 08-314 THE (PR) (August 20, 2012). Plaintiff's claim is unavailing for two reasons:

2

1       First, in ruling on defendants' motion to revoke plaintiff's in forma pauperis
2  status, this court did not find Case No. 07-5389 THE was a strike.  Rather, the court relied on the
3  following four cases in which the court found plaintiff had sustained a strike:
4       Hollis v. Evans, 08-15037 (9th Cir.)
5       Hollis v. Villanueus, 09-15523 (9th Cir.)
6       Hollis v. Mazon-Alec., et al., 1:03-cv-6842 (E.D. Cal.)
7       Hollis v. Villanueus, 3:07-cv-04538 (N.D. Cal.)
8  (Dkt. No. 69 at 7.)  Even if the court had followed the Northern District's reasoning and found
9  that Case No. 08-15037, an appeal of Case No. 07-5389 THE, was not a strike, three other cases
10 remain in which strikes were sustained under 28 U.S.C. § 1915(g).  (Dkt. No. 69 at 5-7.)
11      Second, the result in Case No. C 08-314 THE (PR) differed from the result
12 obtained in the instant case because the Northern District case was filed in 2008, and the instant
13 action was filed on December 7, 2009.  The Northern District court could not count as strikes
14 those cases decided after the 2008 case was filed.  For example, Hollis v. Villanueus, 3:07-cv-
15 04538 (N.D. Cal.) (order issued on February 2, 2009); Hollis v. Evans, 08-15037 (9th Cir.) (order
16 issued on April 14, 2009.)  Because both of these cases were decided in 2009, after plaintiff filed
17 his 2008 case in the Northern District, that court could not count them as strikes.  By contrast,
18 both cases were resolved prior to the filing of the instant action, so both cases were counted as
19 strikes in this action.  Thus, plaintiff's motion is without merit.
20      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's March 6, 2013
21 motion to reopen this case (dkt. no. 72) be denied.  Fed. R. Civ. P. 60(c).
22      These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1  objections shall be filed and served within fourteen days after service of the objections. The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: March 19, 2013

                                          _____
                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

8  ll2225.60b